**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

WILLIAM J. HOLMES, JR.,

      Plaintiff,

v.                                   Case No. 3:26-cv-856-MMH-LLL

PNC BANK, N.A.,

      Defendant.

                                       /

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 17; Response), filed June 1, 2026. In the Response, William J. Holmes, Jr., in addition to asserting that Defendant's Motion to Dismiss Plaintiff's Complaint (Doc. 13; Motion), filed May 14, 2026, is due to be denied, requests, in the alternative, that the Court grant him "leave to file an amended complaint." See Response at 20. Preliminarily, the Court notes that a request for affirmative relief, such as a request for leave to amend a pleading, is not properly made when simply included in a response to a motion. See Fed. R. Civ. P. 7(b); see also Rosenberg v. Gould, 554 F.3d 962, 965 (11th Cir. 2009) ("Where a request for leave to file an amended complaint simply is imbedded within an opposition memorandum, the issue has not been raised

properly." (quoting <u>Posner v. Essex Ins. Co.</u>, 178 F.3d 1209, 1222 (11th Cir. 1999))).

Moreover, even if it were proper to include this request in the Response, the request is otherwise due to be denied for failure to comply with Local Rule 3.01(g), United States District Court, Middle District of Florida (Local Rule(s)). Local Rule 3.01(g) requires certification that the moving party has conferred with opposing counsel in a good faith effort to resolve the issue raised by the motion and advising the Court whether opposing counsel agrees to the relief requested. <u>See</u> Local Rule 3.01(g). In addition to this deficiency under the Local Rules, the request in the Response fails to satisfy the requirement that "[a] motion for leave to amend should either set forth the substance of the proposed amendment or attach a copy of the proposed amendment." <u>Long v. Satz</u>, 181 F.3d 1275, 1279 (11th Cir. 1999); <u>see also</u> <u>McGinley v. Fla. Dep't of Highway Safety and Motor Vehicles</u>, 438 F. App'x 754, 757 (11th Cir. 2011) (affirming denial of leave to amend where plaintiff did not set forth the substance of the proposed amendment); <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1361–62 (11th Cir. 2006) (same). For all of these reasons, the Court will not entertain Holmes's request for relief included in the Response. Holmes is advised that, if he wishes to pursue such relief, he is required to file an appropriate motion, in accordance with the Federal Rules of Civil Procedure and the Local Rules.

Accordingly, it is:

**ORDERED**:

To the extent that Holmes requests affirmative relief from the Court, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 17) is **DENIED without prejudice**.

**DONE AND ORDERED** in Jacksonville, Florida, this 4th day of June, 2026.

**MARCIA MORALES HOWARD**
United States District Judge

lc36
Copies to:

Counsel of Record

3