**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

WILLIAM J. HOLMES, JR.,

     Plaintiffs,

v.                                                    Case No. 3:26-CV-00856-MMH-LLL

PNC BANK, N.A.,

     Defendants.

_____

## Uniform Case Management Report

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

1. **Date and Attendees**

> The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference by telephone on 6/10/2026. Alberto Gonzalez, for Plaintiff, and Ashley B. Rutherford, for Defendant, attended the conference.

2. **Deadlines and Dates**

The parties request these deadlines and dates:

| Action or Event | Date |
| --- | --- |
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 6/26/2026 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/17/2026 |

| | | |
|---|---|---|
| Deadline for serving expert disclosures under Rule 26(a)(2), including any report required by Rule 26(a)(2)(B). | Plaintiff | 1/15/2027 |
| | Defendant | 3/16/2027 |
| | Rebuttal | 4/16/2027 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | | 7/16/2027 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | | N/A |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | | 8/18/2027 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br><br>Marlene Quintana<br>Gray Robinson PA<br>333 SE 2nd Ave.<br>Suite 3200<br>Miami, Florida 33131 | | 7/16/2027 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | | 11/15/2027 |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | | 12/14/2027 |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | | 1/14/2028 |
| Month and year of the trial term. | | 2/4/2028 |

The trial will last approximately 3 days and be

☒  jury.

☐  non-jury.

## 3.  Description of the Action

Plaintiff alleges discrimination and retaliation in violation of the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01 *et seq.*, and the Americans with Disabilities Act, as amended, 42 U.S.C. § 12101 *et seq.*, retaliation in violation of Title VII of the Civil Rights Act, as amended 42 U.S.C § 2000e *et seq.*, and interference and

retaliation in violation of the Family Medical Leave Act, 29 U.S.C. § 2601 *et seq*. PNC filed a motion to dismiss which is currently pending. PNC generally denies any wrongdoing.

## 4.   Disclosure Statement

☒ Each party has filed a disclosure statement using the required form.

## 5.   Related Action

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

## 6.   Consent to a Magistrate Judge

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

## 7.   Preliminary Pretrial Conference

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

3

**8. Discovery Practice**

> The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

**9. Discovery Plan**

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

    ☒ Yes.
    ☐ No; instead, the parties agree to these changes: enter changes.

B. Discovery may be needed on these subjects:

Plaintiff: Plaintiff's employment history, performance, and disciplinary records; the circumstances surrounding Plaintiff's placement on administrative leave; Plaintiff's alleged disability, accommodation requests, and related medical records; Plaintiff's FMLA leave requests, approvals, and return-to-work communications; the short-term disability benefits claim and related communications with Lincoln Financial; internal complaints, investigations, and HR records; Defendant's employment policies and practices; comparator evidence; Plaintiff's damages and mitigation efforts; and Defendant's defenses and affirmative defenses.

Defendant: PNC anticipates conducting discovery on: (1) facts and circumstances surrounding each and every allegation in the Complaint; (2) Plaintiff's alleged damages; and (3) Plaintiff's efforts to mitigate said damages, if any. PNC reserves the right to change the scope of discovery pending the ruling on its motion to dismiss.

C. Discovery should be conducted in phases:

    ☒ No.

4

☐   Yes; describe the suggested phases.

D.   Are there issues about disclosure, discovery, or preservation of electronically stored information?

☐   No.
☒   Yes; The Parties are continuing to discuss and agree to work cooperatively in setting ESI protocols for this case. At this time, the parties agree to continue to work and provide this information as needed.

A. ☒   The parties state the following views and proposals on any issues about claims of privilege or of protection as trial-preparation materials, including the timing and method for complying with Rule 26(b)(5)(A), Federal Rules of Civil Procedure, and—if the parties agree on a procedure to assert these claims after production—whether to ask the Court to include any agreement in an order under Rule 502(d), Federal Rules of Evidence: **(A) The Parties agree to exchange privilege logs which provide sufficient specificity to determine the nature of the document withheld without disclosing the privileged information.   (B) The Parties further agree to work cooperatively on an agreement with FRE 502 "claw back" language, should the need arise, and will request the Court include the agreement in an order.**

B.   The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒   No.
☐   Yes; describe the stipulation.

## 10. Request for Special Handling

☒   The parties do not request special handling.

☐   The parties request special handling. Specifically, describe requested special handling.

☐   Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

5

## 11. Certification of familiarity with the Local Rules

☒  The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures

*/s/ Alberto "Tito" Gonzalez*
Alberto "Tito" Gonzalez, Esq.
Florida Bar No. 1037033
*/s/ Jason W. Imler*
Jason W. Imler, Esq.
Florida Bar No. 1004422
**Imler Law**
23110 State Road 54, Unit 407
Lutz, Florida 33549
(813) 553-7709
Jason@ImlerLaw.com
Tito@ImlerLaw.com
*Attorneys for Plaintiff*

*s/ Ashley B. Rutherford*
Andrew M. McKinley
Florida Bar No. 122069 SEYFARTH
SHAW LLP
1075 Peachtree Street, N.E.
Suite 2500
Atlanta, GA 30309-3958
Telephone:   (404) 885-1500
Facsimile:    (404) 892-7056
amckinley@seyfarth.com
Ashley B. Rutherford
Florida Bar No. 0084022
abrutherford@seyfarth.com
SEYFARTH SHAW LLP
*Counsel for Defendant PNC Bank N.A.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 11th day of June, 2026, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to all counsel of record.

/s/ *Ashley B. Rutherford*
Ashley B. Rutherford